IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bernard McFadden, | ) | |
| | ) | Civil Action No. 3:07-35-RBH-JRM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Warden Joel Anderson, Warden of the | ) | |
| Wateree River Correctional Institution, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Bernard McFadden ("McFadden"), was convicted of two counts of second degree burglary, grand larceny, and possession of crack cocaine in Clarendon County in 1996. He was sentenced to concurrent sentences of 15 years. (See McFadden v. Padula, 3:99-3933-24BC).

On January 4, 2007, McFadden filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to invalidate a prison disciplinary decision finding him to be in possession of contraband resulting in a loss of good time credits and certain privileges. Respondent filed a motion to dismiss on July 27, 2007, asserting that McFadden had failed to exhaust his administrative remedies prior to filing his petition. Because McFadden is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 31, 2007, explaining to McFadden his responsibility to respond to the motion to dismiss. McFadden filed his response on September 4, 2007. Respondent filed a supplemental motion to dismiss on September 12, 2007, arguing that the petition was moot because McFadden had completed his sentence and been released from custody. A second Roseboro order was issued on September 17, 2007. McFadden has not responded to the supplemental motion.

An inmate must exhaust all available state remedies before filing a habeas petition in this court as a matter of comity. Grandberry v. Greer, 481 U.S. 129 (1987). The South Carolina Department of Corrections has adopted a multi-step grievance procedure culminating by an appeal to the South Carolina Administrative Law Court ("ALC"). See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7 - 13.9. McFadden describes the steps he took to seek review, but he does not state that he filed the appeal with the ALC. See also, the affidavit of Mary E. Coleman attached to respondent's motion to dismiss. Therefore, the undersigned concludes that McFadden has failed to properly exhaust his state remedies.

Under 28 U.S.C. § 2241(c)(3), the district court is without jurisdiction unless the prisoner "is in custody in violation of the Constitution...of the United States." Article III of the Constitution provides that federal courts may adjudicate only actual, ongoing cases or controversies. In general, an action is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982).

In the habeas context, a petitioner must be "in custody" at the time the petition is filed for jurisdiction to attach. When the petitioner is unconditionally released after the filing of the petition, the case is not necessarily moot. Leonard v. Hammond, 804 F.3d 838 (4th Cir. 1986). The Supreme Court has recognized that "collateral consequences" may survive after a prisoner's unconditional release making his habeas action not moot. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). Where the petitioner attacks only the execution of his sentence and not the validity of the conviction, expiration of the sentence moots the case. Lane v. Williams, 455 U.S. 624 (1982).

Here, McFadden does challenge the validity of his convictions but the execution of his sentence. There are no collateral consequences stemming from the disciplinary reduction of good

2

time credits.  See <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998) (no collateral consequences arising from revocation of parole).  Thus, respondent's supplemental motion to dismiss should be granted.

**<u>Conclusion</u>**

Based on a review of the record, it is recommended that respondent's motions to dismiss be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

October 29, 2007

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).