UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bernard McFadden, | ) | C/A No. 3:07-35 -RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Warden Joel Anderson, Warden of the | ) | |
| Wateree River Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2241. Petitioner filed his petition on January 4, 2007. At the time his petition was filed, Petitioner was housed at the Wateree Correctional Institution. Petitioner stated that he lost good time credits and canteen, phone, and visitation privileges due to a finding by a disciplinary hearing officer that he possessed contraband. He requested that the finding be vacated and his privileges restored.

Respondents filed a motion to dismiss [document #9] on July 26, 2007 on the basis that the complaint failed to state a claim and that the petitioner failed to exhaust his administrative remedies. Respondents also filed an affidavit by the Branch Chief of Inmate Grievances with the SCDC who averred that Petitioner filed a Step 1 grievance on May 26, 2006 and that the warden denied the grievance on June 12, 2007. She further states, "there is no evidence that Inmate Bernard McFadden, #199135 ever filed a Step 2 grievance on this matter or attempted to appeal the Step 1 grievance pursuant to the SCDC Inmate Grievance System policy." She also indicates that Petitioner filed two other Step 1 grievances regarding the same disciplinary hearing which were returned to him

1

unprocessed.

A *Roseboro* order was entered on July 31, 2007.

Petitioner filed a response and affidavit in opposition to the motion to dismiss on September 4, 2007. He asserts that he was not required to make any further efforts to exhaust administrative remedies because respondents took more than three hundred sixty (360) days to respond to his Step One grievance and that therefore his administrative remedy was unavailable. He also asserts that he filed a petition for writ of mandamus with the South Carolina Supreme Court which was denied. Finally, he asserts that since he was due to be released in 2007 he would not have time to appeal to the Administrative Law Judge.

On September 12, 2007, Respondents filed a supplemental motion to dismiss on the grounds of failure to state a claim and mootness, since Petitioner has now been released, attaching an affidavit of the Supervisor of the Records Management Area within the Inmate Records Office. The affidavit indicates that Petitioner was released from the SCDC on August 31, 2007. A *Roseboro* order was entered on September 17, 2007. Petitioner did not respond to the supplemental motion to dismiss other than to file a notice of change of address on September 17, 2007 showing his new address being a post office box in Sumter, South Carolina.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate Joseph R. McCrorey filed October 29, 2007. Based on his review of the record, the Magistrate Judge concluded that the case should be dismissed on the bases of lack of exhaustion of administrative remedies and mootness. Petitioner filed objections on November 7, 2007. In his objections, he asserts that "Respondent refused to give him the final step two decision which is necessary in order to obtain review by the ALC."

(Objections, p. 2). He also asserts there were collateral consequences in the reduction of good time credits in that 30-days of good time were taken from him in violation of his rights.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### *Mootness*

Under the habeas corpus statute, a plaintiff must be in custody at the time the action is brought. *See* 28 U.S.C. § 2254; *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986). Subsequent release of a prisoner does not deprive a habeas court of subject matter jurisdiction. *Id.*, 804 F.2d at 842. However, "[t]he question of mootness is separate and distinct from the jurisdictional issue . . . 'In general a case becomes moot' when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*.

In *Leonard*, the Fourth Circuit found that there are two exceptions to the mootness doctrine: the "collateral consequences" exception and the "capable of repetition but evading review" exception. Under the collateral consequences exception, a case is not moot where collateral consequences which survive the sentence are present. "Where the criminal conviction, for example, results in the continued

3

denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. . . Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, her stake in habeas relief permits the court to exercise its judicial function." *Broughton v. State of N.C.*, 717 F.2d 147, 148-149 (4th Cir. 1983).

The Court finds that, since the petitioner is not challenging his conviction but rather the disciplinary infraction that led to his loss of good time credits, the collateral consequences doctrine does not apply.

The other exception to the mootness doctrine is the "capable of repetition but evading review" exception. Two elements are required for such a finding: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Leonard*, 804 F.2d 838 at 842, *citing Weinstein v. Bradford*, 423 U.S. 147 (1975). In the case at bar, there is no reasonable possibility that the situation will recur. Hopefully, the petitioner will never return to prison. Therefore, the Court finds that the matter does not fit within the exception to the mootness doctrine of "capable of repetition but evading review." Accordingly, the Court concludes that the petitioner's release renders his habeas action moot.

It also appears that the plaintiff has not properly exhausted his administrative remedies. *See Woodford v. Ngo*, 126 S.Ct. 2378 (2006). However, it is not necessary for the Court to make a finding regarding exhaustion since the case has been found to be moot.

After carefully reviewing the Report, documents filed by the petitioner, pleadings, and applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates

it herein, and overrules the petitioner's objections. Therefore, the complaint is **DISMISSED**.

    **IT IS SO ORDERED.**

November 29, 2007                                       <u>s/R. Bryan Harwell</u>
                                                        R. Bryan Harwell
                                                        United States District Judge